IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BETTY ELLINGTON HILL, | § | |
| INDEPENDENT EXECUTOR OF THE | § | |
| ESTATE OF VERNA LILLIAN | § | |
| ELLINGTON, DECEASED; JEANETTE | § | |
| LYNN HEBERT; ROBERT ELLINGTON | § | |
| HEBERT; KENNETH D. HEBERT; | § | |
| JEFFERY KENNETH ELLINGTON; | § | |
| CONNIE ELLINGTON WILLIAMS | § | |
| MORRISON; ALMA ELLINGTON; | § | |
| THOMAS O. ELLINGTON, JR.; | § | |
| ROBERT OSBURN KOONTZ; | § | CIVIL ACTION NO. _____ |
| MARGARET CAROL KOONTZ | § | |
| KIGHT; RAGTOP JOINT LIVING TRUST, | § | |
| BY AND THROUGH JAMES O. | § | |
| ELLINGTON AND MYRA L. ELLINGTON, | § | |
| TRUSTEES; ROBERT P. KIDD; PATSY | § | |
| M. KIDD; AND LAVERNE M. TATUM, | § | |
| PLAINTIFFS | § | |
| | § | |
| VS. | § | JURY DEMANDED |
| | § | |
| CHESAPEAKE EXPLORATION, LLC, | § | |
| DEFENDANT | § | |

---

**PLAINTIFFS' ORIGINAL COMPLAINT**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Betty Ellington Hill, Independent Executor of the Estate of Verna Lillian

Ellington, Deceased; Jeanette Lynn Hebert; Robert Ellington Hebert; Kenneth D. Hebert; Jeffery

Kenneth Ellington; Connie Ellington Williams Morrison; Alma Ellington; Thomas O. Ellington,

Jr.; Robert Osburn Koontz; Margaret Carol Koontz Kight; Ragtop Joint Living Trust, by and

through James O. Ellington and Myrna L. Ellington, Trustees; Robert P. Kidd; Patsy M. Kidd;

and Laverne M. Tatum (collectively referred to herein as "Ellington Family") file this, their

Original Complaint against Defendant Chesapeake Exploration, LLC ("Chesapeake").

## I.
### PARTIES

1.      Plaintiff Betty Ellington Hill, Independent Executor of the Estate of Verna Lillian Ellington, Deceased is a resident of the State of Texas.

2.      Plaintiff Jeanette Lynn Hebert is a resident of the State of Texas.

3.      Plaintiff Robert Ellington Hebert is a resident of the State of Texas.

4.      Plaintiff Kenneth D. Hebert is a resident of the State of Texas.

5.      Plaintiff Jeffery Kenneth Ellington is a resident of the State of Texas.

6.      Plaintiff Connie Ellington Williams Morrison is a resident of the State of Texas.

7.      Plaintiff Alma Ellington is a resident of the State of Texas.

8.      Plaintiff Thomas O. Ellington, Jr. is a resident of the State of Texas.

9.      Plaintiff Robert Osburn Koontz is a resident of the State of Louisiana.

10.      Plaintiff Margaret Carol Koontz Kight is a resident of the State of Louisiana.

11.      Plaintiff Ragtop Joint Living Trust ("Trust") is a private trust created under the laws of the State of Texas.

12.      Plaintiff Robert P. Kidd is a resident of the State of Texas.

13.      Plaintiff Patsy M. Kidd is a resident of the State of Arkansas.

14.      Plaintiff Laverne M. Tatum is a resident of the State of Texas.

15.      Defendant Chesapeake Exploration, LLC is an Oklahoma limited liability company with its principal place of business in Oklahoma City, Oklahoma.  Chesapeake may be served with process by serving its Registered Agent for service of process, CT Corporation System, at 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201.

## II.
### JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332(a) because this is an action between citizens of different states, resulting in complete diversity, and because the amount in controversy exceeds $75,000 exclusive of interest and costs.

17.     Chesapeake is subject to personal jurisdiction in Texas because Chesapeake has actually conducted business in Texas and engaged in continuous and systematic contacts and transactions in Texas, and the claims in this case arise out of such contacts and transactions.  The contract at issue in this Civil Action was negotiated, executed and to be performed in Texas. Chesapeake therefore had specific contacts relating to the claims asserted in this Civil Action. Although Chesapeake may be a resident of Oklahoma, it maintains a significant systematic and continuous business presence within the State of Texas.  Chesapeake is subject to both specific and general jurisdiction in Texas.

18.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. 1391(a)(2) because all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the Eastern District of Texas, and the contract at issue involved minerals and mineral interests located in the Eastern District of Texas.   Further, certain acts, omissions, statements, representations and obligations of Chesapeake, which form the basis of the claims asserted, were committed in the Eastern District of Texas.

## III.
### BACKGROUND FACTS

19.     The Ellington Family and Chesapeake executed an "Agreement to Lease" with an effective date of June 30, 2008.  A true and correct copy of the Agreement to Lease is attached

hereto as Exhibit "1."  This case arises out of Chesapeake's refusal to honor its contractual obligations to the Ellington Family as set forth in the Agreement to Lease.

20.     The Agreement to Lease was executed by Jack Elliott on behalf of Chesapeake. Jack Elliott was the authorized agent of Chesapeake and had apparent, if not actual, authority to execute the Agreement to Lease on behalf of Chesapeake.  When Plaintiffs allege herein that Chesapeake performed any act or omission, it is meant that Chesapeake, through Jack Elliott or other agents, servants, employees or representatives of Chesapeake, committed such act or omission with express, implied, actual or apparent authority from Chesapeake and/or Chesapeake ratified such acts or omissions.

21.     Under the Agreement to Lease, the Ellington Family contractually agreed to lease "all of [Ellington Family's] currently unleased mineral interests" and "all mineral interests that become unleased for a period of one year after the effective date," which would be June 30, 2009, "in all lands located within Nacogdoches, Shelby, Panola, San Augustine [and] Sabine County, Texas" to Chesapeake (the "Lands").  The Ellington Family also agreed to forego all other possible leasing opportunities for the Lands during the term of the Agreement to Lease. The Agreement to Lease specifically states that the Ellington Family "shall not enter into an oil and gas Lease with any third party or burden the Lands with any interest other than those existing as of record as of the date of this Agreement."

22.     In exchange, Chesapeake contractually agreed to pay each member of the Ellington Family $15,000 as initial consideration.  Chesapeake did actually pay $15,000 to each member of the Ellington Family as consideration for the Agreement to Lease.  Chesapeake also contractually agreed "to enter into an oil and gas Lease that is mutually agreeable to both parties

covering the Lands as to all depths that are not currently subject to an oil and gas production Lease."

23.     Chesapeake also promised to pay the Ellington Family "a bonus amount equaling five thousand dollars ($5,000.00) per net mineral acre of the Lands to be leased . . . ."  The Ellington Family owns in excess of 1,200 net mineral acres in Nacogdoches, Shelby, Panola, San Augustine and Sabine Counties which are subject to the Agreement to Lease.

24.     The Ellington Family's mineral estate in such acreage is free from any material existing burden, lease, defect, lawsuit, third party claim, mortgage, lien or encumbrance that would have precluded the Ellington Family from granting Chesapeake a valid oil and gas lease. Chesapeake had a duty to conduct due diligence and title review of the Lands to determine if any such issues would preclude the Ellington Family from granting Chesapeake a valid oil and gas Lease.  However, pursuant to the Agreement to Lease, Chesapeake was obligated to conclude its due diligence and title review "within 120 Days of the execution of this Agreement [to Lease]." Chesapeake was further obligated to "give written notice" of any issue regarding marketable title to the Ellington Family.  Chesapeake never provided any such notice to the Ellington Family. Thus, Chesapeake waived any complaint that the Ellington Family does or did not have Marketable Title to the mineral interests at issue.  Furthermore, the Ellington Family and Chesapeake actually entered into several oil and gas leases wherein they reached mutually agreeable lease terms.

25.     Despite executing the Agreement, Chesapeake refused to lease the Ellington Family's unleased mineral interests and pay bonuses as provided under the parties' Agreement. To this day, Chesapeake refuses to perform its duties under the Agreement despite the Ellington

Family's performance.  In addition, Plaintiffs lost all opportunity to lease to other oil and gas companies due to Chesapeake's acts and omissions.

## IV.
### CAUSES OF ACTION

***Count One: Breach of Contract***

26.    The Ellington Family hereby incorporates and reasserts paragraphs 1 through 25 as if fully set forth herein.

27.    The Agreement to Lease is a valid, enforceable and binding contract between the Ellington Family and Chesapeake.  All conditions precedent to enforcement of the Agreement to Lease have been fulfilled by the Ellington Family or waived by Chesapeake.  Consideration to support the Agreement to Lease was exchanged in the form of mutual promises and the payment of $15,000 by Chesapeake to each of the Ellington Family.  The Ellington Family met all conditions precedent and has, at all material times, been ready, willing and able to comply with the terms of the Agreement to Lease.  Chesapeake promised to lease all unleased mineral acres and all mineral acres that became unleased within one year of the effective date of the Agreement, and to pay the Ellington Family consideration of $5,000.00 per net mineral acre.  However, Chesapeake failed and/or refused to comply with the terms of the Agreement to Lease.  Chesapeake has not leased all of the Ellington Family's unleased mineral acres which are subject to the Agreement to Lease.  Chesapeake's failure to perform is not excused.

28.    Chesapeake's failure to perform its contractual obligations under the Agreement to Lease constitutes a breach of contract, and the Ellington Family suffered injuries and damages as a result of Chesapeake's breaches.  The Ellington Family seeks to recover all damages permitted by law.

## V.
### ATTORNEY'S FEES

29.    As a result of Chesapeake's actions set forth above, the Ellington Family was forced to employ the attorneys whose names are subscribed to this Complaint to protect their interests, enforce their rights under the Agreement to Lease, and to pursue this action.  Although the Ellington Family presented their demand upon Chesapeake, Chesapeake continues to refuse to perform its contractual obligations.  Pursuant to the breach of contract claims, and pursuant to the Texas Civil Practice and Remedies Code, Texas statutes and common law, the Ellington Family is entitled to recover, and does seek all reasonable attorneys' fees.

## VI.
### JURY DEMAND

30.    In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, the Ellington Family requests a trial by jury.

## VII.
### PRAYER

For these reasons, Plaintiffs Betty Ellington Hill, Independent Executor of the Estate of Verna Lillian Ellington, Deceased; Jeanette Lynn Hebert; Robert Ellington Hebert; Kenneth D. Hebert; Jeffery Kenneth Ellington; Connie Ellington Williams Morrison; Alma Ellington; Thomas O. Ellington, Jr.; Robert Osburn Koontz; Margaret Carol Koontz Kight; Ragtop Joint Living Trust, by and through James O. Ellington and Myrna L. Ellington, Trustees; Robert P. Kidd; Patsy M. Kidd; and Laverne M. Tatum request that Defendant Chesapeake Exploration, L.L.C. be cited and made to appear herein and answer these allegations, and that judgment be rendered in favor of Plaintiffs and against Defendant Chesapeake Exploration, LLC for:

a.    Breach of its contractual obligations under the Agreement to Lease;

b.    Actual and consequential/special or other monetary damages;

c.      Loss of profits in the past and future;

d.      Loss of royalties;

e.      Reasonable and necessary attorney's fees;

f.      Pre-judgment and post-judgment interest at the highest rate allowed by law;

g.      Costs of suit; and

h.      For such other and further relief, both at law and in equity, special or general, to which Plaintiffs may be justly entitled.

Respectfully submitted,

PAYNE, MALECHEK, SCHERR, CAMPBELL & MOORE, P.C.

By: _____/S/_____
    Scott J. Scherr
    State Bar No. 17745412
    P.O. Box 6900
    Bryan, Texas 77805-6900
    979.776.9800
    979.731.8333 (Fax)
    scherr@thepaynelawgroup.com

    ATTORNEYS FOR PLAINTIFF